FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

08 JAN 28 PM 1:25

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ) <br> as subrogee of Amy and Todd Carkoski ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HEWLETT-PACKARD COMPANY ) <br> ) <br> Defendant. ) | Case No.: 8:08CV39 <br> **JURY DEMAND** |

## COMPLAINT

Now Comes the Plaintiff, Allstate Insurance Company as subrogee of Amy and Todd Carkoski, by and through its attorneys, Cozen O'Connor, and for its Complaint against Defendant Hewlett-Packard Company, states as follows:

### THE PARTIES

1. Plaintiff, Allstate Insurance Company (hereinafter "Allstate"), is a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business located in Bloomington, Illinois. At all times relevant, Allstate was in the insurance business, and was duly licensed to issue policies of insurance in the State of Nebraska.

2. At all times relevant, Plaintiff's Insureds, Amy and Todd Carkoski (hereinafter "the Insureds") were residents of the State of Nebraska, residing at 3041 Alamosa, Lincoln, Nebraska.

3. Defendant, Hewlett-Packard Company (hereinafter "Hewlett-Packard") is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business located in Palo Alto, California, who at all relevant times, was

engaged in the design, manufacture and/or distribution of technological devices, including laptop computers.

## JURISDICTION AND VENUE

4.  The jurisdiction of this Court is based upon diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5.  Venue is proper in the District of Nebraska, pursuant to 28 U.S.C. §1391, as this is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## COMMON ALLEGATIONS

6.  Prior to November 13, 2006, Allstate insured the subject property under Policy Number 921748636, with effective dates of October 18, 2006 through October 18, 2007.

7.  On or before November 13, 2006, the Insureds purchased a Hewlett-Packard laptop, model 2140US, with a serial number CN31216159.

8.  The laptop operated on a rechargeable lithium ion battery, which was encased inside the computer.

9.  On November 13, 2006, an internal failure inside the lithium ion battery occurred, causing the battery to short circuit and start a fire at the Insured's home.

10. As a direct and proximate result of the fire, the Insureds suffered real and personal property damages in an amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

11. Pursuant to its policy of insurance, Allstate reimbursed its Insureds for their damaged property in an amount in excess of $75,000.00.

12. In accordance with the common law principles of equitable and/or legal subrogation, in addition to the terms and conditions of its policy, Allstate is subrogated to the rights of its Insureds with respect to the payments it made in compensation for the aforementioned loss.

## COUNT I
## NEGLIGENCE

13. Plaintiff incorporates paragraphs one (1) through twelve (12) above as though fully set forth herein at length.

14. At all times relevant, Hewlett-Packard was under a duty, or otherwise undertook a duty, to Plaintiff to design, manufacture, inspect, test, approve, and sell the laptop and lithium ion battery in a good, safe, workmanlike and reasonable manner.

15. Hewlett-Packard, through its agents, servants, and/or employees, breached its aforesaid duty in one or more of the following ways:

   a. manufactured and assembled the laptop and lithium ion battery so that an internal failure developed, and was allowed to continue until a fire ignited;

   b. failed to properly manufacture and assemble the laptop and lithium ion battery so that they were unable to tolerate normal use;

   c. failed to properly test and inspect the laptop and lithium ion battery for imperfections before distributing it to the public at large;

   d. failed to properly design, manufacture, and test the laptop and lithium ion battery so that it was manufactured with faulty components;

   e. failed to warn the Insureds of the substantial risk of the laptop and lithium ion battery suddenly igniting a fire or suffering a similar peril presented by the improper design, manufacture, testing, inspection, distribution and/or sale of the laptop and lithium ion battery;

3

    f.    failed to comply with all applicable codes, standards and other industry guidelines in design, manufacture, testing, inspection, distribution and/or sale of the laptop and lithium ion battery;

    g.    otherwise failed to use due care under the circumstances.

16. As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of Hewlett-Packard, the Insureds sustained real and personal property damages equal to or in excess of $75,000.00, exclusive of interest and costs, for which Hewlett-Packard is legally liable.

Wherefore, Plaintiff Allstate Insurance Company as subrogee of Amy and Todd Carkoski respectfully requests that this Court enter judgment in its favor and against Defendant Hewlett-Packard Company, in an amount in excess of $75,000.00 together with interest and the cost of this action, and any other relief this Court deems just.

## COUNT II
## PRODUCTS LIABILITY

17. Plaintiff incorporates paragraphs one (1) through twelve (12) above as though fully set forth herein at length.

18. At all times relevant, Hewlett-Packard placed into the stream of commerce the subject laptop and as such, is strictly liable for any defects or unreasonably dangerous conditions that existed with respect to the rechargeable lithium ion battery contained within the laptop.

19. The Insureds were and are in the class of persons that Hewlett-Packard should have reasonably forseen as being subject to the harm caused by the defective condition in the lithium ion battery, as they were laptop consumers.

4

20. At all times relevant, Hewlett-Packard was the entity operating as the seller of the laptop and lithium ion battery.

21. The laptop and lithium ion battery was expected, and did, reach the Insureds without substantial alteration in the condition in which the laptop and lithium ion battery were sold by Hewlett-Packard.

22. The Insureds never used the laptop or lithium ion battery for anything other than its expected manner of handling or use.

23. The laptop and lithium ion battery were defective and in an unreasonably dangerous condition at the time it left Hewlett-Packard's possession and control insofar as it was:

   a. Manufactured and assembled so that is was internally defective, which caused the lithium ion battery to short circuit and ignite the laptop, which spread to other nearby combustibles;

   b. Defectively designed so that it did not employ safety devices that could have prevented the fire;

   c. Without adequate instructions for safe use to the Insureds;

   d. Without adequate warnings of the latent dangerous characteristics of the laptop and lithium ion battery;

   e. Was otherwise unreasonably dangerous and defective.

24. The defective and unreasonably dangerous condition and subsequent malfunctioning of the laptop and lithium ion battery was the direct and proximate cause of the property damages sustained by the Insureds.

Wherefore, Plaintiff Allstate Insurance Company as subrogee of Amy and Todd Carkoski respectfully requests that this Court enter judgment in its favor and against Defendant Hewlett-

Packard Company, in an amount in excess of $75,000.00 together with interest and the cost of this action, and any other relief this Court deems just.

## COUNT III
## BREACH OF WARRANTIES

25. Plaintiff incorporates paragraphs one (1) through twelve (12) above as though fully set forth herein at length.

26. In designing, manufacturing, assembling, inspecting, testing, approving and/or selling the laptop and lithium ion battery, Defendant Hewlett-Packard expressly and impliedly warranted that the laptop and lithium ion battery would be merchantable and fit for a particular purpose.

27. Hewlett-Packard breached the warranties of merchantability and fitness for a particular purpose as heretofore set forth in Count I and Count II of this Complaint, which are incorporated herein as though fully set forth.

28. The breaches of warranty by Hewlett-Packard were the direct and proximate cause of the real and personal property damages sustained by the Insureds.

29. As a direct and proximate result of the aforesaid breaches of warranty, Plaintiff sustained real and personal property damage in an amount in excess of $75,000.00 exclusive of interest and costs, for which Defendant Hewlett-Packard is legally liable.

Wherefore, Plaintiff Allstate Insurance Company as subrogee of Amy and Todd Carkoski respectfully requests that this Court enter judgment in its favor and against Defendant Hewlett-Packard Company, in an amount in excess of $75,000.00 together with interest and the cost of this action, and any other relief this Court deems just.

Respectfully submitted,

/s/ Julie Noonan

Attorneys for Plaintiff, Allstate Insurance Company

Julie J. Noonan
Cozen O'Connor
700 17th Street
Suite 2100
Denver, Colorado 80202
Telephone Number (303) 479-3900
Fax: (720) 479-3890
jnoonan@cozen.com
Neb. Atty. #20924

Anthony J. Morrone
Cozen O'Connor
222 S. Riverside Plaza
Suite 1500
Chicago, Illinois 60606
Telephone Number: (312) 382-3100
Fax: (312) 382-8910
amorrone@cozen.com

7