# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, as subrogee of Amy and Todd Carkoski,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant. | CASE NO. 8:08CV39<br><br>**HEWLETT-PACKARD COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Hewlett-Packard Company ("HP") states and alleges as follows in answer to the Plaintiff's Complaint:

## THE PARTIES

1. HP lacks information sufficient to admit or deny the allegations of Paragraph 1 of the Complaint, and therefore denies the same.

2. HP lacks information sufficient to admit or deny the allegations of Paragraph 2 of the Complaint, and therefore denies the same.

3. HP admits that it is a Delaware corporation with offices in Palo Alto California, and is engaged in the design and manufacture of notebook computers. HP denies all remaining allegations of Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. HP does not contest jurisdiction at this time.

5. HP does not contest venue at this time.

## COMMON ALLEGATIONS

6. HP lacks information sufficient to admit or deny the allegations of

Paragraph 6 of the Complaint, and therefore denies the same.

7. HP lacks information sufficient to admit or deny the allegations of Paragraph 7 of the Complaint, and therefore denies the same.

8. HP admits that certain of the notebook computers which it manufactures utilize a lithium ion battery. HP denies all remaining allegations of Paragraph 8 of the Complaint.

9. HP denies the allegations of Paragraph 9 of the Complaint.

10. HP denies the allegations of Paragraph 10 of the Complaint.

11. HP lacks information sufficient to admit or deny the allegations of Paragraph 11 of the Complaint, and therefore denies the same.

12. HP lacks information sufficient to admit or deny the allegations of Paragraph 12 of the Complaint, and therefore denies the same.

## COUNT I

13. HP incorporates its answers to all of the preceding Paragraphs.

14. HP denies the allegations of Paragraph 14 of the Complaint.

15. HP denies the allegations of Paragraph 15 of the Complaint and all of its sub-parts.

16. HP denies the allegations of Paragraph 16 of the Complaint.

## COUNT II

17. HP incorporates its answers to all of the preceding Paragraphs.

18. HP denies the allegations of Paragraph 18 of the Complaint.

19. HP denies the allegations of Paragraph 19 of the Complaint.

20. HP denies the allegations of Paragraph 20 of the Complaint.

21. HP denies the allegations of Paragraph 21 of the Complaint.

22. HP denies the allegations of Paragraph 22 of the Complaint.

23. HP denies the allegations of Paragraph 23 of the Complaint and all of its sub-parts.

24. HP denies the allegations of Paragraph 24 of the Complaint.

## COUNT III

25. HP incorporates its answers to all of the preceding Paragraphs.

26. HP denies the allegations of Paragraph 26 of the Complaint.

27. HP denies the allegations of Paragraph 27 of the Complaint.

28. HP denies the allegations of Paragraph 28 of the Complaint.

29. HP denies the allegations of Paragraph 29 of the Complaint.

## GENERAL DENIAL

30. HP denies each and every allegation of the Complaint except those allegations specifically admitted herein and those which constitute admissions against Plaintiff's interests.

## AFFIRMATIVE DEFENSES

31. Plaintiff's Complaint fails to state claims upon which relief can be granted.

32. Plaintiff's claims are barred by applicable statutes of limitation and repose.

33. If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the negligence of Plaintiff's insureds in failing to exercise due and proper care under the existing circumstances and conditions, and the resulting damages, if any, are barred or reduced by the doctrines of

contributory or comparative negligence.

34. If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of nature or other supervening or intervening conduct of persons other than HP, and for whose conduct HP is not responsible, or with whom HP has no legal relation or legal duty to control.

35. If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the unforeseeable alterations, improper handling, or other unforeseeable misuse of the notebook computer at issue by persons other than HP or persons acting on its behalf.

36. The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of HP notebooks, if any, included adequate warnings and instructions and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

37. The claims asserted in the Complaint are barred because HP notebooks are designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

38. The claims asserted in the Complaint are barred, in whole or in part, because the HP notebook at issue was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

39. HP validly disclaimed the express and implied warranties asserted by Plaintiff.

40. To the extent Plaintiff claims HP owed a duty premised upon express or

implied agreements, Plaintiff's claims are barred because Plaintiff may not sue in negligence for alleged breaches of contract.

41. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

42. Plaintiff has failed to mitigate damages.

43. Defendant is entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiff with any other defendant or other person or entity.

## JURY DEMAND

44. HP demands a jury trial on all issues.

WHEREFORE, HP respectfully requests that the Plaintiff's Complaint be dismissed, with prejudice and at Plaintiff's cost, and for such further relief as the Court finds appropriate.

Dated this 14th day of May, 2008.

HEWLETT-PACKARD COMPANY, Defendant,

By: s/ Thomas E. Johnson
John A. Sharp (NE# 23111)
Thomas E. Johnson (NE# 12089)
of BAIRD HOLM LLP
1500 Woodmen Tower
Omaha, NE 68102-2068
Phone: 402-344-0500
Fax: 402-344-0588
Email: jsharp@bairdholm.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 14th day of May, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Julie J. Noonan | Anthony J. Morrone |
| COZEN O'CONNOR | COZEN O'CONNOR |
| jnoonan@cozen.com | amorrone@cozen.com |

                                               s/ Thomas E. Johnson

DOCS/853996.1