**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, as subrogee of Amy and Todd Carkoski,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant. | CASE NO. 8:08CV39<br><br><br>**MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS** |

Plaintiff, Allstate Insurance Company and Defendant, Hewlett-Packard Company, ("the Parties") jointly agree and request the Court's entry of a Protective Order to preserve the confidentiality of certain information and documents produced during discovery in the above-captioned action. The confidentiality of such documents and testimony is sought under various state and federal laws, including for the protection of trade secrets and other proprietary information, and is requested pursuant to Pursuant to Fed. R. Civ. P. 26(c).

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the Parties, subject to approval by the Court, that the following Protective Order shall govern the handling of documents, depositions, deposition exhibits, and other written, recorded, or graphic matter produced by the Parties to this action:

1. <u>APPLICATION</u>.  This Protective Order limits the use or disclosure of documents, deposition testimony, or other discovery designated as "Confidential" and it applies to: (a) documents and deposition testimony designated to be subject to this Protective Order as set forth below; (b) information, copies, extracts, and complete or

partial summaries of documents or deposition testimony so designated; (c) portions of briefs, affidavits, memoranda, or any other writing filed with the Court (and exhibits thereto) which include any materials or information identified in (a) or (c) of this paragraph.

2. <u>CONFIDENTIAL DOCUMENTS</u>.  This Protective Order applies to any materials produced in this action that the producing party designates as "Confidential" by so stamping, labeling, marking or writing, or by any other physical indication whatsoever.  All such items marked "Confidential" shall be treated as such for purposes of this Protective Order.  The producing party may also designate documents as "Confidential" by written notice to opposing counsel which identifies the documents so designated by Bates number or other reasonable identifying characteristic, and such designation may be made after production in the event a party inadvertently failed to so mark such document(s) as "Confidential."

3. <u>DEPOSITION TRANSCRIPTS</u>.  Any party may designate as "Confidential" any portion of deposition testimony which relates to documents designated as "Confidential" above.  The party shall so designate the portions of the deposition transcript either at the time of the deposition or within thirty (30) days following that party's counsel's receipt of the transcript of the deposition from the reporter.  Each reporter participating in any such deposition shall be informed about and provided with a copy of this Protective Order and shall agree to be bound by its terms.  Each such reporter shall, to the extent possible, mark the portions of deposition transcripts designated as "Confidential" with the legend "Confidential—Designated by Counsel."

4. <u>EFFECT OF CONFIDENTIAL DESIGNATION</u>.  Documents designated

"Confidential," as well as deposition testimony so designated and information derived therefrom, will be retained by counsel and will not be used by counsel or by any party for any purpose other than this litigation, and shall not be shown, disseminated, copied, or otherwise communicated to anyone except the following persons:

    a.    Counsel who have signed this Order approving it as to form and content, attorneys who are employed or are members of the law firms of counsel who have signed this Order, retained outside counsel, in-house counsel, law clerks, secretaries, or paralegals directly involved in the conduct of this litigation;

    b.    Individual parties and officers, directors, employees and agents of corporate parties necessary to assist counsel in the preparation and trial of this litigation;

    c.    Experts and consultants retained by the Parties for purposes of assisting in the preparation or presentation of claims or defenses in the above-captioned litigation only;

    d.    Any deposition witness, during the course of deposition testimony, when necessary to the testimony of such witness;

    e.    The court, court personnel, court reporters and similar personnel, under restricted access.

<u>Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (c) through (d) shall be shown a copy of, and shall agree to and sign Exhibit A hereto, or shall agree on the record during deposition, to be bound by the terms of this Protective Order</u>.  Any party asserting confidentiality of any of its documents during a deposition shall ask the deponent on the record to agree to the terms of this Protective Order.  If the deponent refuses to agree, such refusal shall constitute cause to postpone the deposition until a ruling from the Court, and if counsel chooses to proceed without ruling from the Court, any disclosure during deposition shall not constitute a waiver of confidentiality protections provided by this

3

Protective Order. A witness who does not agree to be bound by the terms of this Protective Order shall sign the original deposition transcript and shall not be permitted to obtain a copy of the transcript or exhibits of the deposition.

5. <u>NON-PARTY WITNESSES</u>. A copy of this Protective Order and Exhibit A shall be served with every subpoena or notice of deposition served upon non-party deponents. To the extent such non-party produces documents in response to subpoena or notice of deposition, each party shall have not less than thirty (30) days from receipt of said documents to designate the same as "Confidential" pursuant to this Protective Order. The Parties shall treat all such documents produced as "Confidential" until the expiration of thirty (30) days from the other party's receipt of the documents or until the other party waives such Confidential designation.

6. <u>EXPERT WITNESSES</u>. Each expert or consultant who is expected to be called as a witness at trial and to whom a party plans to disclose "Confidential" information shall agree to be bound by the terms of this Protective Order and shall complete Exhibit A or shall agree on the record to be bound by this Protective Order as provided in Paragraph 4 herein.

7. <u>CHALLENGE TO DESIGNATION</u>. The Parties to this litigation may, at any time prior to sixty (60) days before trial, challenge the "Confidential" designation of any document or other discovery material subject to this Protective Order by notifying all parties of the fact that it is challenging the designation and providing the designating party not less than ten (10) business days' notice before moving for an order compelling disclosure. The Parties shall attempt to resolve such disagreements in good faith and shall certify the same before submitting them to the Court for resolution.

8. <u>FILING DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION</u>. Any party filing a document with the Court that contains information or materials that have been deemed "Confidential" shall file that document "restricted access" pursuant to the E-Government Act of 2002 and Local Rule 5.3 of this Court's Civil Rules. The Parties stipulate to the confidentiality of documents and information as defined in this Stipulation, and they agree that redaction would not reduce or eliminate the need for restriction because the documents and information are confidential in their entirety, and therefore would need to be redacted in their entirety. Accordingly, should a party desire to file with the Court a Protected Document or any other submission, e.g., pleading, motion, brief, or affidavit that contains Confidential Information, that party shall use the "Restricted Document pursuant to E-Government Act" event of the CM/ECF system. In the event any hard copy submission is made of Protected Documents and/or Confidential Information, then the same shall be placed in a sealed container or envelope and shall be endorsed with the title of this case and the words "Confidential-Subject to Protective Order" and shall not be accessible to anyone except the Court and the Parties' attorneys of record.

9. <u>INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION</u>. If a party that receives Protected Documents or Confidential Information discovers that, whether through inadvertence or otherwise, it has disclosed or provided documents or information designated as "Confidential" to any person or entity not authorized to review it under the terms of this Protective Order, then that party shall promptly (a) make reasonable best efforts to seek the return of the documents or

information, (b) inform other party of the disclosure and the relevant circumstances (including the identity(ies) of the person or entity to whom disclosure was made), and (c) advise the recipient of the provisions of this Order and request that they agree to its terms in writing by signing the certification attached as Exhibit A. This paragraph does not limit the remedies that the other party may pursue for breach of this Protective Order.

10. <u>INADVERTENT OR UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION</u>. This Protective Order does not authorize or require disclosure of documents or information protected by or subject to claims of privilege or protection, including but not limited to the attorney-client privilege, work product protection, and joint defense or common interest privilege. If a party inadvertently or mistakenly produces documents or information subject to a claim of privilege or protection, such production will not automatically waive otherwise applicable claims of privilege or protection. Upon receipt of written notice identifying privileged or protected documents that were inadvertently or mistakenly produced, the receiving party shall within ten (10) business days: (a) return or certify the destruction of all such documents; and (b) destroy work product or portions of any work product containing or reflecting their contents. This provision shall not affect any rights of the party returning such inadvertently produced documents to move for *in camera* inspection of the documents and to compel production of the returned documents.

11. <u>RETURN OF DOCUMENTS</u>. Upon resolution of this litigation (including all appeals), the Parties shall destroy or return to the producing party all documents and/or other materials containing information deemed "Confidential" that were obtained

during the course of pretrial discovery or at trial, including all copies of such documents. The party destroying or returning the documents shall provide to counsel for the producing party a sworn affidavit attesting to such disposition. This Protective Order shall remain in full force and effect after the final resolution of this litigation, and shall continue to be binding even upon final resolution of this litigation.

12. <u>USE OF DOCUMENTS BY PRODUCING PARTIES</u>. Nothing in this Protective Order shall limit any party or person from any use of documents or other discovery not designated as "Confidential".

13. <u>EFFECT OF PRODUCTION</u>. Neither the designation of any documents as "Confidential" pursuant to this Protective Order nor the production of such documents in discovery shall be deemed a waiver of any objection to the admissibility of such documents or their contents at trial.

14. <u>EXCEPTIONS</u>. This Protective Order shall be binding on any party to whom any material designated as "Confidential" is disclosed absent a showing that the material has become public knowledge without a breach of this Protective Order.

15. <u>APPLICATION TO COURT</u>. Any interested party may apply for a court order seeking any additional disclosure or modifying or limiting this Order in any respect.

16. <u>WAIVER</u>. A party's waiver of any rights under this Protective Order must be made in writing or, if at a deposition or in Court, on the record. A waiver not expressly made general shall be deemed limited to the narrow purpose of the circumstances involved and shall not otherwise waive any of the rights provided by this Protective Order.

17. <u>NON-EXCLUSIVITY</u>.  All ethical, legal, and equitable rights and obligations not addressed in this Protective Order remain in force.

Dated this 20th day of February, 2009.

        ALLSTATE INSURANCE COMPANY, Plaintiff,

By: s/Anthony J. Morrone
    Anthony J. Morrone
    Julie J. Noonan (NE# 20924)
of  COZEN O'CONNOR
    222 S. Riverside Plaza
    Suite 1500
    Chicago, IL  60606
    Phone: 312-382-3100
    Fax: 312-382-8910
    Email: amorrone@cozen.com

HEWLETT-PACKARD COMPANY, Defendant,

By: s/John A. Sharp
    John A. Sharp (NE# 23111)
    Thomas E. Johnson (NE# 12089)
of  BAIRD HOLM LLP
    1500 Woodmen Tower
    Omaha, NE  68102-2068
    Phone: 402-344-0500
    Fax: 402-344-0588
    Email: jsharp@bairdholm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of February, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Julie J. Noonan  
COZEN O'CONNOR  
jnoonan@cozen.com

Anthony J. Morrone  
COZEN O'CONNOR  
amorrone@cozen.com

s/John A. Sharp

<u>EXHIBIT A</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, as subrogee of Amy and Todd Carkoski,<br><br>         Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>         Defendant. | CASE NO. 8:08CV39<br><br><br><br>**MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS** |

ACKNOWLEDGEMENT BY RECIPIENT OF "CONFIDENTIAL" INFORMATION

  I, the undersigned, hereby certify that I have read the Stipulated Protective Order entered (the "Order") in the above-captioned action now pending in the United States District Court for the District of Nebraska, and I am fully familiar with its terms.

  I understand that in the course of my activities in connection with the Action, I may have occasion to examine, inspect or be exposed to documents and records of the Parties to this litigation which are Confidential under the terms of the Order. Under penalty of law, I agree to be bound by and comply with all of the terms and prohibitions of the Order and not disclose any information I obtain in a manner which violates the Order.

  Dated this ____ day of _____, 20___.

_____
Signature of recipient

_____
Printed Name

_____
Address

DOCS/890962.3