IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
ALLSTATE INSURANCE COMPANY,   )
as subrogee of Amy and Todd   )
Carkoski,                     )
                              )
            Plaintiff,        )       8:08CV39
                              )
     v.                       )
                              )
HEWLETT-PACKARD COMPANY,      )       MEMORANDUM AND ORDER
                              )
            Defendant.        )
_____)
```

This matter is before the Court on plaintiff Allstate Insurance Company's motion to compel (Filing No. 34) and defendant Hewlett-Packard Company's motion for protective order prohibiting disclosure of additional CPSC documents and motion to compel deposition of K.M. Abraham (Filing No. 43). Upon review, the Court finds plaintiff's motion to compel should be denied, defendant's motion for a protective order should be denied, and defendant's motion to compel the deposition of K.M. Abraham should be denied as moot.

## BACKGROUND

**1. Nature Of The Action**

This is a subrogation action brought by plaintiff for property damage that resulted from a November 13, 2006, fire at the home of plaintiff's insureds, Amy and Todd Carkoski. Plaintiff claims a specific cell in the lithium ion battery pack of a Compaq Presario model 2140US notebook computer owned by the

insureds suffered an internal failure and started the fire.  The complaint asserts claims for (1) negligence, (2) products liability, and (3) breach of warranties.

**2. Facts Related To The Pending Motions**

Plaintiff previously issued a third-party subpoena to the U.S. Consumer Product Safety Commission (CPSC), seeking documents related to certain CPSC announced recalls by defendant on computer lithium ion batteries.[1]  The CPSC treated the subpoena as a Freedom of Information Act (FOIA) request, and as required by law, notified defendant of the request and gave it the opportunity to comment on release of the material prior to public disclosure.  Thereafter, the CPSC responded to plaintiff's FOIA request and produced hundreds of pages of responsive documents but withheld or redacted certain documents as containing proprietary and confidential information.  Rather than appeal the CPSC's partial denial of plaintiff's FOIA request, plaintiff served supplemental discovery requests on defendant, seeking the documents not produced by the CPSC (*see* Filing No. 36-2).  Defendant objected to each discovery request as (1) overbroad, (2) seeking documents that are not relevant or likely to lead to the discovery of admissible evidence; (3) duplicative of documents already produced by the CPSC and/or an effort to

---

[1] From 2005-2010, defendant instituted five recalls of certain lithium ion batteries used in Hewlett-Packard notebook computers due to fire hazards (Filing No. 36-1).

-2-

thwart the CPSC procedures (*see* Filing No. 36-3).

Plaintiff filed a motion to compel defendant to produce the withheld CPSC documents.  Defendant opposed the motion and moved for an order (1) prohibiting plaintiff from seeking such documents, and (2) compelling plaintiff to produce its expert, K.M. Abraham, Ph.D., for deposition without further delay because plaintiff's counsel indicated that it would not produce Dr. Abraham for deposition until the parties' dispute regarding production of the CPSC documents was resolved.

## DISCUSSION

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  "All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."  *Id.*[2]

---

[2] Fed. R. Civ. P. 26(b)(2)(C) provides the Court must limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

The party seeking discovery must satisfy some threshold showing of relevance before discovery is required. *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir. 1992); *Vishay Dale Elecs., Inc. v. Cyntec Co.,* No. 8:07CV191, 2008 WL 4868772, *2 (D. Neb. Nov. 6, 2008) (unreported). If this relevance threshold is satisfied, the party resisting discovery bears the burden of showing its objections are valid. *Vishay Dale Elecs., Inc.*, 2008 WL 4868772, at *2.

The Court finds plaintiff's motion to compel should be denied because plaintiff has failed to satisfy a threshold showing of relevance for the requested documents. Plaintiff generally argues the requested documents are relevant because they "relate to lithium ion battery failures that involve HP laptop computers." (Filing No. 35 at 6). Plaintiff maintains the documents "go to HP's knowledge of lithium ion failures within its computers" and "will allow Plaintiff to compare the lithium ion battery failure in this case with other cases where HP has admitted a problem." (*Id.*). However, there is no dispute that the requested documents relate to recalls that involved a

---

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

different model of computer and battery pack than the computer at issue in this case.  Further, defendant maintains, and plaintiff does not dispute, that the battery pack at issue in this case has a different manufacturer, cell components, and cell manufacturer lot than the batteries involved with the previous recalls, and plaintiff has not shown that the subject battery was manufactured at the same time as the recalled batteries.

Plaintiff has not shown that the requested documents regard Hewlett-Packard products or component parts that are the same or sufficiently similar to the subject computer, such that the requested documents would be relevant.  *See Hofer*, 981 F.2d at 380-381 (discussing scope of discovery relating to predecessor designs).  Accordingly, plaintiff has not demonstrated a threshold showing of relevance for the requested documents, and plaintiff's motion to compel will be denied.

The Court does not find that a protective order is warranted at this time, and therefore, defendant's motion for a protective order will be denied.  It appears that resolution of plaintiff's motion to compel moots defendant's motion to compel the production of Dr. Abraham for deposition; thus, said motion will be denied as moot.

IT IS ORDERED:

1) Plaintiff's motion to compel is denied;

      2) Defendant's motion for a protective order is denied, and defendant's motion to compel the production of Dr. Abraham for deposition is denied as moot.

      DATED this 16th day of July, 2010.

                   BY THE COURT:

                   /s/ Lyle E. Strom
                   _____
                   LYLE E. STROM, Senior Judge
                   United States District Court